IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABRAHIM RODRIGUEZ MENDEZ,

        Plaintiff,               No. CIV S-04-1949 LKK DAD P

    vs.

CRUZ BUSTAMANTE, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983.  The action was filed in the United States District Court for the Southern District of California on July 14, 2004, and was transferred to the United States District Court for the Eastern District of California on September 20, 2004.  The proceeding was referred to the undersigned in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        By order filed October 8, 2004, plaintiff was granted thirty days to pay the filing fee or submit a properly completed application to proceed in forma pauperis.  After the thirty-day period expired, plaintiff requested an extension of sixty to ninety days.  On November 19, 2004, the court granted plaintiff an additional sixty days to comply with the court's order.  Each of the court's orders was accompanied by a copy of the court's in forma pauperis application form.  On December 6, 2004, plaintiff submitted an inadequate application on a state court form.  Plaintiff

1

1   filed nothing further during the sixty-day extension period.  On February 2, 2005, the

2   undersigned recommended that the action be dismissed for failure to pay the filing fee or submit

3   a properly completed application to proceed in forma pauperis.  In response to the findings and

4   recommendations, plaintiff filed an in forma pauperis application on a proper form.  The court

5   will vacate the findings and recommendations and consider plaintiff's untimely application.

6           The in forma pauperis application filed on February 22, 2005, makes the showing

7   required by 28 U.S.C. § 1915(a).  The application to proceed in forma pauperis will therefore be

8   granted.

9           Plaintiff is required to pay the statutory filing fee of $150.00 that was applicable

10  when this action was filed.  See 28 U.S.C. §§ 1914(a) and 1915(b)(1).  An initial partial filing fee

11  of $5.17 will be assessed by this order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court

12  will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust

13  account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for

14  monthly payments of twenty percent of the preceding month's income credited to plaintiff's

15  prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of

16  the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee of

17  $150.00 is paid in full.  See 28 U.S.C. § 1915(b)(2).

18          The court is required to screen complaints brought by prisoners seeking relief

19  against a governmental entity or against an officer or employee of a governmental entity.  See 28

20  U.S.C. § 1915A(a).  The court must dismiss claims that are legally "frivolous or malicious," that

21  fail to state a claim upon which relief may be granted, or that seek monetary relief from a

22  defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).

23          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

24  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

25  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

26  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2

1  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

2  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

3  Cir. 1989); Franklin, 745 F.2d at 1227.

4            A claim should be dismissed for failure to state a claim upon which relief may be

5  granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim

6  that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v.

7  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

8  complaint under this standard, the court accepts as true the allegations of the complaint.  See

9  Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court also construes

10  the pleading in the light most favorable to the plaintiff and resolves doubts in the plaintiff's

11  favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

12            The Civil Rights Act under which this action was filed provides as follows:

13        Every person who, under color of [state law] . . . subjects, or causes
         to be subjected, any citizen of the United States . . . to the
14        deprivation of any rights, privileges, or immunities secured by the
         Constitution . . . shall be liable to the party injured in an action at
15        law, suit in equity, or other proper proceeding for redress.

16  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

17  actions of each defendant and the deprivation alleged to have been suffered by plaintiff.  See

18  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

19  (1976).

20            "A person 'subjects' another to the deprivation of a constitutional right, within the

21  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

22  omits to perform an act which he is legally required to do that causes the deprivation of which

23  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Supervisory

24  personnel are generally not liable under § 1983 for the actions of their employees under a theory

25  of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the

26  link between the supervisory defendant and the claimed constitutional violations must be

specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

     In the present case, plaintiff was housed at California State Prison in Lancaster when he filed this case.  Plaintiff subsequently filed a notice of change of address informing the court of his transfer to Pleasant Valley State Prison.  Although neither of these institutions is located within the Eastern District of California, plaintiff's suit concerns events that occurred in Sacramento, Fresno, Solano, and Amador Counties.  Plaintiff has sued the lieutenant governor of the State of California, a former director of the California Department of Corrections, the assistant warden of a prison in Vacaville, the warden and the assistant warden of Mule Creek State Prison, and various medical and correctional staff employed at Mule Creek State Prison.  Plaintiff presents his claims in three counts and indicates that count 1 concerns events that occurred in 1992, count 2 concerns events that occurred in 2001-2002, and count 3 concerns events that occurred in 2003-2004.

     In count 1, plaintiff alleges that his rights to "due process, freedom of religion cruel and unusual family" were violated by defendant Bustamante because the defendant is responsible for "what goes on" in the CDC and appoints "the head officials."  Plaintiff further alleges that defendant Bustamante was an accomplice to the abuse of authority by other officials, including a former director of the CDC and various wardens, and subjected plaintiff to cruel and unusual punishment in the form of persecution and discrimination with regard to housing, property, and medical care.  In count 2, plaintiff alleges that his rights to "cruel and unusual punishment, freedom of religion, due process" have been violated by the warden of Mule Creek State Prison "for 2 years now" because the warden was an accomplice of unspecified persons who caused plaintiff to be taken to a hospital in Manteca where a "speaker" was implanted in plaintiff's body in 2002.  Plaintiff further alleges that the warden was "an accomplice to

4

[plaintiff's] stolen identity 35 years ago."  In count 3, plaintiff asserts that all other staff mentioned in his complaint "are part of this abuse of authority in one way or another."  The details alleged by plaintiff concern alleged unprofessional behavior by staff and disputes over matters such as the the volume of the television in the day room.

Plaintiff affirmatively alleges that he has not sought and exhausted all forms of informal and formal relief from the proper administrative officials regarding the acts alleged in his complaint.  Plaintiff seeks an injunction preventing defendants "from continuing the cruel and unusual punishment toward plaintiff."  Plaintiff also seeks millions of dollars in compensatory damages and punitive damages.

The court finds that plaintiff's complaint is defective in several regards.  First, it appears that plaintiff has alleged some claims, i.e., those that arose in 1992, that are barred by the applicable statute of limitations.  Second, plaintiff concedes that he did not exhaust administrative remedies as to all of his claims before bringing this action.  Such exhaustion is required.  See 42 U.S.C. § 1997e.  Third, plaintiff has sued supervisory personnel under the legally impermissible theory of respondeat superior and has failed to allege specific facts establishing a  link between each supervisory defendant and the claimed constitutional violations.  Fourth, plaintiff's vague and conclusory allegation that all other staff "are part of this abuse of authority" fails to link the non-supervisory defendants to the alleged violations.

Plaintiff's current complaint fails to state a claim for relief against any defendant.  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give each defendant fair notice of the alleged violations and must allege facts supporting the elements of the claims plainly and succinctly.  See Fed. R. Civ. P. 8(a)(2); see also Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  A plaintiff must allege with at least some degree of particularity specific acts which a defendant engaged in that support the plaintiff's claims.  See id.  Because plaintiff's complaint fails to comply with the requirements of Rule 8, the pleading must be dismissed.  The court will, however, grant leave to amend.

In his amended complaint, plaintiff must omit claims barred by the statute of limitations and claims for which inmate appeals were not pursued and exhausted prior to the filing of this action in the Southern District of California. For the claims that remain, plaintiff must demonstrate how specific acts resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff's amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.

The Local Rules of Practice provide that an amended complaint must be complete in itself. See Local Rule 15-220. The court cannot refer to plaintiff's original complaint in order to make his amended complaint complete. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, in an amended complaint, as if it were the original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In a letter addressed to the clerk of the court, plaintiff has inquired whether an attorney can be assigned to this case. Plaintiff is informed that federal district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for appointment of counsel will therefore be denied.

In a recent letter, plaintiff requests that the court issue an order allowing him to attend court hearings. Plaintiff is informed that, in this district, motions are submitted on the record without oral argument in cases in which one party is incarcerated and proceeding pro se. If the case proceeds to trial, the court will issue an order requiring plaintiff's presence in court for trial. Plaintiff's request for orders concerning status reports and a scheduling order is premature and will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  This court's findings and recommendations filed February 2, 2005, are vacated.

2.  Plaintiff's December 6, 2004 state form application for waiver of court fees and costs is denied.

3.  Plaintiff's February 22, 2005 application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted.

4.  Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action. Plaintiff is assessed an initial partial filing fee of $5.17.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

5.  Plaintiff's January 31, 2005 request for appointment of counsel is denied.

6.  Plaintiff's September 29, 2005 request for an order concerning attendance at court hearings, for status reports, and for a scheduling order is denied.

7.  Plaintiff's complaint is dismissed with leave to amend.

8.  Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  Plaintiff's amended complaint must bear the case number assigned to this case and must be labeled "Amended Complaint."  Failure to file a timely amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

9.  The Clerk of the Court shall send plaintiff a copy of the civil rights complaint form used in this district by prisoners proceeding under 42 U.S.C. § 1983.

DATED: October 27, 2005.

*Dale A. Drozd*

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
mend1949.14

7